IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT VERLYNN CLARK,

    Petitioner,

vs.

THE PEOPLE OF THE STATE OF CA,

    Respondent.

No. 2:12-cv-02503 GEB CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

    Petitioner, a non-incarcerated person, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. (Dkt. No. 1.) Petitioner challenges his 2011 conviction in the Yolo County Superior Court on the charge of driving under the influence with excessive blood alcohol, for which he was sentenced to serve 11 days in county jail and three years of summary probation, and ordered to pay a fine and attend alcohol education classes.

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

I.  Jurisdiction

"For a federal court to have jurisdiction over a habeas petition filed by a state prisoner, the petitioner must be 'in custody.'" Chaker v. Crogan, 428 F.3d 1215, 1219 (2005) (quoting Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001).  The relevant time frame is the time the petition is filed.  See Carafas v. LaValle, 391 U.S. 234, 238 (1968).  A habeas corpus petitioner is "in custody" for the purposes of habeas jurisdiction while he remains on probation. See Chaker, 428 F.3d at 1219 (citing United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988).  Here, although petitioner's address of record reflects that he is not currently incarcerated, nor was he incarcerated at the time he filed his petition, it appears that the "in custody" jurisdictional requirement of section 2254 is satisfied so long as he was serving his term of probation when he filed his petition on October 5, 2012.

II.  Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.

Here, petitioner indicates that he appealed the challenged conviction to the superior court appellate department, but not to any higher state court.  (Dkt. No. 1 at 3.) Moreover, he has not filed any petitions, applications or motions other than a direct appeal with respect to the judgment of conviction at issue.  (Id.)  Petitioner has failed to first present any of

---

[1] Nevertheless, a petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

1  the claims presented in his federal petition to the California Supreme Court and thus has failed to

2  exhaust state court remedies on all claims presented.[2]  Moreover, he does not allege that state

3  court remedies are no longer available.  Accordingly, the petition should be dismissed without

4  prejudice.[3]

5        Good cause appearing, IT IS HEREBY ORDERED that:

6        The Clerk of the Court is directed to serve a copy of these findings and

7  recommendations together with a copy of the petition filed in the instant case on the Attorney

8  General of the State of California; and

9        IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

10  habeas corpus (Dkt. No. 1) be dismissed for failure to exhaust state remedies.

11        These findings and recommendations will be submitted to the United States

12  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

13  fourteen days after being served with these findings and recommendations, petitioner may file

14  written objections with the court.  The document should be captioned "Objections to Findings

15  ////

16  ////

17  ////

18  ////

19  ////

---

[2] The court further notes petitioner's claims brought under the Fourth Amendment (grounds one and two) are not cognizable on habeas corpus.  See Stone v. Powell, 428 U.S. 465, 494 (1976) (holding that Fourth Amendment claims are not cognizable on habeas review because the Fourth Amendment exclusionary rule does not relate to the accuracy of the fact-finding process).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
stam2722.103